FILED
2022 Nov-03 PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| KAYLA DUKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: |
| ) | |
| TOPRE AMERICA ) | |
| CORPORATION, ) | **JURY DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Ms. Kayla Duke ("Plaintiff" or "Duke"), by and through her undersigned counsel of record, and files this Complaint against Topre America Corporation ("Defendant" or "Topre"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. This is a suit authorized and brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000(e) et seq., (hereinafter referred to as "Title VII").

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. The unlawful employment practices described herein were committed in Cullman County, Alabama; therefore, venue lies in the United States District Court for the Northern District of Alabama, Northeastern Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a citizen of the United States of America over the age of nineteen (19) years, and currently resides in Cullman County, Alabama.

5. Plaintiff was, at all times relevant to this complaint, an "employee" of Defendant within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is a Domestic Corporation, based out of Cullman County, Alabama, with a principal mailing address of 1580 County Road 222 Cullman, AL 35057.

7. During all times relevant to this Complaint, Defendant conducted business in Alabama, specifically at 1580 County Road 222 Cullman, AL 35057.

8. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and was, at all times relevant, Plaintiff's "employer."

## ADMINISTRATIVE EXHAUSTION

9. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") against Defendant.

10. Charge number 420-2021-01486 (the "Charge") was filed on June 28, 2021. (Attached hereto as **Exhibit A**).

11. Plaintiff received the Right to Sue ("RTS") for the Charge on or about August 4, 2022. (Attached hereto as **Exhibit B**).

12. Plaintiff has now filed this Complaint within ninety (90) days of her receipt of the RTS and has, therefore, exhausted all administrative remedies with respect to the Charge before filing her claims with this Court.

## FACTS

13. Plaintiff is a female.

14. Plaintiff was hired by Defendant on January 25, 2021, to work as a Hot Stamp Operator.

15. Plaintiff reported to Noah Roberts ("Roberts"), her team lead.

16. Roberts reported to Brandon Cook ("Cook"), the manager of the Plaintiff's department.

17. In February 2021, Michael McWilliams ("McWilliams"), a Forklift operator and a co-worker, began sexually harassing Plaintiff.

18. McWilliams made sexually charged comments to Plaintiff such as:

(A) "I sure do like a fine ass woman who can take charge."

(B) "I want to run my tongue in your ass."

19. McWilliams would, also, stop working to stand closely behind Plaintiff and stare at Plaintiff as she operated her machine.

20. McWilliams would position himself so that his penis would brush up against Plaintiff's hand.

21. During Plaintiff's break, McWilliams would sit beside her and rub up against her.

22. Plaintiff felt extremely uncomfortable going to work based on McWilliams's vulgar comments and obscene gestures.

23. McWilliams's inappropriate behavior made it impossible for Plaintiff to complete her job duties.

24. In February 2021, Plaintiff reported the sexually harassment to Roberts.

25. In response, Roberts told Plaintiff that, "You're not the first one to complain about" McWilliams.

26. Plaintiff informed Roberts that she intended to escalate her complaint to Cook.

27. Plaintiff reported the sexual harassment to Cook and explained how uncomfortable McWilliams made her feel, specifically, Plaintiff stated, "McWilliams was intense," and she described the vulgar comments McWilliams directed toward Plaintiff.

28. Although Plaintiff reported to her authorities, Defendant failed to take any subsequent remedial action.

29. Defendant not only continued to employ McWilliams but even promoted him.

30. Shockingly, McWilliams was promoted to Plaintiff's team lead.

31. As Plaintiff's team lead, McWilliams's harassment intensified.

32. McWilliams instructed Plaintiff to tell Human Resources that McWilliams "is a great guy" if Human Resources asked.

33. Plaintiff endured McWilliams's vulgar and obscene behavior throughout the months of February and March.

34. McWilliams's sexual harassment was so severe and pervasive that Plaintiff could not continue working.

35. Thus, Plaintiff was forced to resign her employment on March 22, 2021.

36. Subsequently, On March 25, 2021, Plaintiff received a text message from a new department manager, Nick Drouin ("Drouin").

37. Drouin asked Plaintiff whether she was coming back to work.

38. Plaintiff responded that she quit because of the grotesque sexual harassment she was forced to endure daily.

39. Plaintiff explained that Defendant failed to take any action to stop McWilliams's sexual harassment.

40. Drouin admitted that he "heard things" but that he "can't go off hearsay."

41. On June 8, 2021, Defendant finally terminated McWilliams after another female employee reported him for sexual harassment.

42. Defendant's conduct caused Plaintiff to suffer loss of income, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT I
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF TITLE VII

43. Plaintiff is female and a member of a protected class.

44. Plaintiff was, and is, a qualified employee able to perform her assigned job duties.

45. Defendant is an "employer" within the meaning of Title VII.

46. At all times relevant to this Complaint, Defendant employed at least fifteen (15) employees.

47. In February 2021, McWilliams began sexually harassing Plaintiff.

48. McWilliams made sexually charged comments to Plaintiff such as:

   (A) "I sure do like a fine ass woman who can take charge."

   (B) "I want to run my tongue in your ass."

49.  McWilliams would, also, stop working to stand closely behind Plaintiff and stare at Plaintiff as she operated her machine.

50.  McWilliams would position himself so that his penis would brush up against Plaintiff's hand.

51.  During Plaintiff's break, McWilliams would sit beside her and rub up against her.

52.  Plaintiff felt extremely uncomfortable going to work based on McWilliams's vulgar comments and obscene gestures.

53.  McWilliams's inappropriate behavior made it impossible for Plaintiff to complete her job duties.

54.  In February 2021, Plaintiff reported the sexually harassment to Roberts.

55.  In response, Roberts told Plaintiff that, "You're not the first one to complain about" McWilliams.

56.  Plaintiff informed Roberts that she intended to escalate her complaint to Cook.

57.  Plaintiff reported the sexually harassment to Cook and explained how uncomfortable McWilliams made her feel, specifically, Plaintiff stated, "McWilliams was intense," and she described the vulgar comments McWilliams directed toward Plaintiff.

58. Although Plaintiff reported to her authorities, Defendant failed to take any subsequent remedial action.

59. Defendant not only continued to employ McWilliams but even promoted him.

60. Shockingly, McWilliams was promoted to Plaintiff's team lead.

61. As Plaintiff's team lead, McWilliams's harassment intensified.

62. McWilliams instructed Plaintiff to tell Human Resources that McWilliams "is a great guy" if Human Resources asked.

63. Plaintiff endured McWilliams's vulgar and obscene behavior throughout the months of February and March.

64. McWilliams's sexual harassment was so severe and pervasive that Plaintiff could not continue working.

65. Thus, Plaintiff was forced to resign her employment on March 22, 2021.

66. Defendant's conduct has caused Plaintiff to suffer loss of income, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT II
## SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII

67. Plaintiff is female and a member of a protected class.

68. Plaintiff was, and is, a qualified employee able to perform her assigned job duties.

69. In February 2021, McWilliams began sexually harassing Plaintiff.

70. McWilliams made sexually charged comments to Plaintiff such as:

   (A) "I sure do like a fine ass woman who can take charge."

   (B) "I want to run my tongue in your ass."

71. McWilliams would, also, stop working to stand closely behind Plaintiff and stare at Plaintiff as she operated her machine.

72. McWilliams would position himself so that his penis would brush up against Plaintiff's hand.

73. During Plaintiff's break, McWilliams would sit beside her and rub up against her.

74. Plaintiff felt extremely uncomfortable going to work based on McWilliams's vulgar comments and obscene gestures.

75. McWilliams's inappropriate behavior made it impossible for Plaintiff to complete her job duties.

76. In February 2021, Plaintiff reported the sexually harassment to Roberts.

77. In response, Roberts told Plaintiff that, "You're not the first one to complain about" McWilliams.

78. Plaintiff informed Roberts that she intended to escalate her complaint to Cook.

79. Plaintiff reported the sexually harassment to Cook and explained how uncomfortable McWilliams made her feel, specifically, Plaintiff stated, "McWilliams was intense," and she described the vulgar comments McWilliams directed toward Plaintiff.

80. Although Plaintiff reported to her authorities, Defendant failed to take any subsequent remedial action.

81. Defendant not only continued to employ McWilliams but even promoted him.

82. Shockingly, McWilliams was promoted to Plaintiff's team lead.

83. As Plaintiff's team lead, McWilliams's harassment intensified.

84. McWilliams instructed Plaintiff to tell Human Resources that McWilliams "is a great guy" if Human Resources asked.

85. Plaintiff endured McWilliams's vulgar and obscene behavior throughout the months of February and March.

86. McWilliams's sexual harassment was so severe and pervasive that Plaintiff could not continue working.

87. Thus, Plaintiff was forced to resign her employment on March 22, 2021.

88. Defendant's conduct has caused Plaintiff to suffer loss of income, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

89. McWilliams's sexual harassment and Defendant's failure to take subsequent remedial action was motivated by Plaintiff's sex.

### COUNT III
### CONSTRUCTIVE DISCHARGE
### IN VIOLATION OF TITLE VII

90. In February 2021, McWilliams, a Forklift operator and a co-worker, began sexually harassing Plaintiff.

91. McWilliams made sexually charged comments to Plaintiff such as:

(A) "I sure do like a fine ass woman who can take charge."

(B) "I want to run my tongue in your ass."

92. McWilliams would, also, stop working to stand closely behind Plaintiff and stare at Plaintiff as she operated her machine.

93. McWilliams's would position himself so that his penis would brush up against Plaintiff's hand.

94. During Plaintiff's break, McWilliams would sit beside her and rub up against her.

95. Plaintiff felt extremely uncomfortable going to work based on McWilliams's vulgar comments and obscene gestures.

96. McWilliam's inappropriate behavior made it impossible for Plaintiff to complete her job duties.

97. In February 2021, Plaintiff reported the sexually harassment to Roberts.

98. In response, Roberts told Plaintiff that, "You're not the first one to complain about" McWilliams.

99. Plaintiff informed Roberts that she intended to escalate her complaint to Cook.

100. Plaintiff reported the sexually harassment to Cook and explained how uncomfortable McWilliams made her feel, specifically, Plaintiff stated, "McWilliams was intense," and she described the vulgar comments McWilliams directed toward Plaintiff.

101. Although Plaintiff reported to her authorities, Defendant failed to take any subsequent remedial action.

102. Defendant not only continued to employ McWilliams but even promoted him.

103. Shockingly, McWilliams was promoted to Plaintiff's team lead.

104. As Plaintiff's team lead, McWilliams's harassment intensified.

105. McWilliams instructed Plaintiff to tell Human Resources that McWilliams "is a great guy" if Human Resources asked.

106. Plaintiff endured McWilliams's vulgar and obscene behavior throughout the months of February and March.

107. McWilliams's sexual harassment was so severe and pervasive that Plaintiff could not continue working.

108. Thus, Plaintiff was forced to resign her employment on March 22, 2021.

109. Subsequently, On March 25, 2021, Plaintiff received a text message from a new department manager, Drouin.

110. Drouin asked Plaintiff whether she was coming back to work.

111. Plaintiff responded that she quit because of the grotesque sexual harassment she was forced to endure daily.

112. Plaintiff explained that Defendant failed to take any action to stop McWilliams's sexual harassment.

113. Drouin admitted that he "heard things" but that he "can't go off hearsay."

114. On June 8, 2021, Defendant finally terminated McWilliams after another female employee reported him for sexual harassment.

115. Defendant's conduct has caused Plaintiff to suffer loss of income, emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. Back pay for lost income and any other compensatory damages;

B. Reinstatement or front pay if the Court determines reinstatement is impractical;

C. Liquidated damages equal to the amount of back pay;

D. Punitive damages;

E. A reasonable attorneys' fee;

F. Plaintiff's costs and expenses;

G. Interest on all monies owed; and

H. Any and all other relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on this the 2nd day of November 2022.

<u>/s *Anthony D. Michel*</u>
Anthony D. Michel (ASB-6809-O64M)
*Attorney for Plaintiff*

**Michel | King**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Telephone: (205) 980-5700
Facsimile:  (205) 994-2819
Anthony@wmalabamalaw.com


**DEFENDANT WILL BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

Topre America Corporation
c/o r/a C T CORPORATION SYSTEM
2 North Jackson St. Suite 605
Montgomery, Alabama 36104

                                       Respectfully submitted,

                                        /s *Anthony D. Michel*
                                       *Attorney for Plaintiff*